Matter of Hayes (2018 NY Slip Op 04635)





Matter of Hayes


2018 NY Slip Op 04635


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018


[*1]In the Matter of ERIN ELIZABETH HAYES, an Attorney. 
(Attorney Registration No. 4420667)

Calendar Date: June 4, 2018

Before: Garry, P.J., McCarthy, Lynch, Clark and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Corrigan, McCoy & Bush PLLC, Rensselaer (Scott W. Bush of counsel), for respondent.



MEMORANDUM AND ORDER 
Respondent has submitted an affidavit in support of her application to resign as an attorney and counselor-at-law pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10. Respondent acknowledges in her affidavit that she is the subject of an investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), which investigation includes allegations concerning a dishonored check and her failure to keep proper records of her attorney escrow account. Respondent concedes that she cannot successfully defend herself against these allegations (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a] [2]). Respondent further acknowledges that her resignation is freely and voluntarily tendered, that she is not being subjected to coercion or duress by anyone and that she is fully aware of the implications of submitting her resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (2) (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a] [1]).
We also note that, while AGC's investigation does not specifically concern allegations of the misappropriation or misapplication of money, because of the existence of a dishonored check from her attorney escrow account, respondent acknowledges, and we require, that her resignation is submitted subject to any future application that may be made by AGC for an order, pursuant to Judiciary Law § 90 (6-a), directing that she make restitution or reimburse the [*2]Lawyers' Fund for Client Protection, and that she consents to the Court's continuing jurisdiction to make such an order [FN1]. Respondent further acknowledges and agrees that, pending the issuance of this order accepting her resignation, she would not undertake to represent any new clients or accept any retainers for future legal services to be rendered. Moreover, respondent states that there will be no transactional activity in any fiduciary account to which she has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, respondent acknowledges that, in the event that the Court accepts her resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including her affidavit, shall be deemed public records pursuant to Judiciary Law § 90 (10). AGC has submitted papers in response, offering no opposition to respondent's application and requesting that respondent's name be stricken from the roll of attorneys and counselors-at-law by order of disbarment. Inasmuch as respondent's application to resign complies with the requirements of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, the application is granted and, effective immediately, respondent is disbarred.
Garry, P.J., McCarthy, Lynch, Clark and Rumsey, concur.
ORDERED that the application of respondent to resign as an attorney and counselor-at-law is granted and her disciplinary resignation is accepted; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: The Lawyers' Fund for Client Protection has advised us that there are no open claims seeking reimbursement against respondent, and currently they do not oppose respondent's application to resign.